UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

MARIA RIOS,

       Plaintiff,

  -v-                                                  No.  17-CV-314-LTS-SDA

SABAN KAPLAN,

       Defendant.

-------------------------------------------------------x

## ORDER ADOPTING REPORT & RECOMMENDATION

The Court has reviewed Magistrate Judge Aaron's Report and Recommendation (docket entry no. 38 (the "Report")) concerning this petition for a writ of habeas corpus (the "Petition") pursuant to 28 U.S.C. section 2254, which recommends that the Court deny the Petition in its entirety.  The relevant facts are set forth in the Report.  Petitioner Maria Rios ("Petitioner") has objected to the Report.

The Court has thoroughly reviewed the Report and Petitioner's objection and hereby adopts Judge Aaron's reasoning and conclusions regarding Petitioner's failure to exhaust her state remedies and the existence of independent and adequate state law grounds barring federal habeas review.  (Report at sections II.A, III.A, and IV.)  For the reasons stated in those sections of the Report and below, the Court denies the Petition in its entirety.

BACKGROUND

The factual background and relevant procedural history are set forth in the Report. The Court adopts the factual recitation set forth in the Report and assumes familiarity with the facts stated therein.[1]

DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.S. § 636(b)(1) (LexisNexis 2017). To the extent that a party makes a specific objection to the magistrate judge's findings, the Court must make a de novo determination. United States v. Male Juvenile (95-CR-1074), 121 F.3d 34, 38 (2d Cir. 1997). Similarly, to the extent that a party makes only conclusory objections, or simply reiterates a prior argument, the Court reviews strictly for clear error. Pearson-Fraser v. Bell Atl., No. 01-CIV-2343-WK, 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003).

The Court has carefully reviewed Judge Aaron's thorough and well-reasoned Report as it addresses Petitioner's first and third claims. (See Report at section II.A.) Petitioner does not object to the Report's recommendation as to these claims, and the Court finds no clear error. The Court therefore adopts the Report as to those claims for the reasons stated therein. Because the Court thus denies relief on Petitioner's first and third claims because she failed to exhaust her state remedies, the Court declines to address the merits of Petitioner's first and third claims.

---

[1] Petitioner does not object to the findings of fact contained in the Report. (Docket entry no. 39 at 2.)

Petitioner objects to the Report insofar as it recommends that the Court deny Petitioner's second and fourth claims: insufficient evidence of intent and the introduction of prejudicial victim impact evidence, respectively.  The Court reviews Petitioner's objections to the Report's analysis of the second and fourth claims de novo.  The Report recommends that the Court deny these claims because there are adequate and independent state law grounds for the Appellate Division's decision which this Court is barred from disturbing, specifically that those claims were not preserved for appellate review.  (Report at sections I.C, III.A.)  Petitioner objects to this recommendation and argues that the Report errs in holding that Petitioner did not preserve these two claims.  (Docket entry no. 39 at 5, 16.)

The Appellate Division's explicit invocation of the preservation procedural bar establishes a state law ground which is sufficient to bar habeas review of the claim's merits by this Court so long as that state law ground is independent and adequate.  See Garcia v. Lewis, 188 F.3d 71, 77 (2d Cir. 1999); Rhagi v. Artuz, 309 F.3d 103, 106-107 (2d Cir. 2002) (a state court's invocation of its procedural rules unquestionably constitutes independent state grounds for the decision, even where the court discusses the merits in an alternative holding).  Petitioner first argues that the record contains "clear and convincing evidence" that the Appellate Division and Judge Aaron erred in finding that Petitioner had failed to preserve her claim that there was insufficient evidence of intent.  (Docket entry no. 39 at 16.)  Petitioner argues that the Court may review the merits of her claim because the Appellate Division wrongly determined that she had not preserved this claim.  (Id.)  However, the Court's inquiry "is not whether the state court was 'right or wrong' in its decision, but rather whether its holding had a 'fair or substantial basis in state law.'"  Rhagi, 309 F.3d at 107 (quoting Garcia, 188 F.3d at 77-78); see also Garcia, 188 F.3d at 82 ("[I]t is not for [the federal courts] to second-guess a state court's determination as to

which there is a fair and substantial basis in state law.")  A mere "disagreement with the state court's analysis . . . is not a basis for federal habeas review[.]"  <u>Riley v. Conway</u>, No. 06-CIV-1324, 2011 WL 839477, at *5 (E.D.N.Y. Mar. 7, 2011).

Indeed, it is firmly established that, to preserve an objection to the sufficiency of the evidence, a defendant in New York state court must move to dismiss and present an argument to the trial court that is "specifically directed" at the alleged error.  <u>People v. Gray</u>, 86 N.Y.2d 10, 19 (1995) (citing <u>People v. Cona</u>, 49 N.Y.2d 26, 33 n.2 (1979)).  Here, trial counsel moved to dismiss the charges against Petitioner because "no reasonable finder of fact could so conclude that [Petitioner] did commit the crime of murder in the first or second degree" based on the sum of the evidence before the Court.  (Docket entry no. 12-2 at 662:17-24.)  Trial counsel went on to renew a different, more specific objection: that the lack of evidence of Petitioner's date of birth was a "fatal defect" to the charge of murder in the first degree.  (<u>Id.</u> at 663:1-3.) The Appellate Division thus had a fair and substantial basis for its conclusion that Petitioner did not preserve her claim by making a motion to dismiss that did not specifically object to the sufficiency of the evidence as to intent.  Accordingly, the Appellate Division's determination that Petitioner failed to preserve her claim of insufficiency of the evidence of intent is an independent and adequate state ground barring federal review.

In support of her fourth claim, Petitioner argues that trial counsel preserved the claim that the trial court admitted prejudicial victim impact evidence, specifically by moving <u>in limine</u> to exclude portions of the victim's sister's testimony.  (Docket entry no. 39 at 7, 11.) Petitioner again asks this Court to second-guess the Appellate Division's application of the state preservation rule, arguing that counsel's objection to victim impact testimony was sufficient to alert the trial court to the objectionable evidence.  (<u>Id.</u> at 7.)  Counsel does not address whether

the state law preservation requirement is an adequate and independent state law ground. The Court's research reveals a fair and substantial basis for the Appellate Division's application of the preservation requirement, which specifically requires counsel to make a contemporaneous objection to allegedly prejudicial evidence even after moving in limine to exclude such evidence. U.S. v. Birbal, 62 F.3d 456, 465 (2d Cir. 1995) ("Having moved in limine to exclude all evidence relating to Buckley's death, Birbal failed to raise an objection at trial to any of the testimony of which he now complains. He contends that, by moving in limine to exclude 'any evidence' of Buckley's death, he preserved his right to appeal the admission of all such evidence.. . . [w]e cannot agree"); see also United States v. Rose, 525 F.2d 1026, 1027 (2d Cir. 1975) ("The court can be advised by the government of the relevant facts necessary to an informed judgment as to the admissibility of evidence only if questions as to admissibility are raised by the defendant promptly and no later than the time when the evidence is offered."). Petitioner concedes that she did not make any contemporaneous objection to the alleged victim impact testimony. (Docket entry no. 39 at 7.) Accordingly, the Appellate Division had a fair and substantial basis for its conclusion, which was a reasonable application of the well-established preservation rule. Therefore, federal habeas review by this Court of Petitioner's fourth claim is barred.

   The procedural default of Petitioner's claims bars federal review unless she can establish cause for, and actual prejudice stemming from, the default. See Coleman v. Thompson, 501 U.S. 722, 750 (1991). Petitioner argues that her failure to preserve her second and fourth claims was due to constitutionally ineffective assistance rendered by trial counsel. (Docket entry no. 39 at 11, 25.) Ineffective assistance of trial counsel may serve as cause to overcome a procedural bar to habeas review, but that claim must first itself be exhausted. See Edwards v. Carpenter, 529 U.S. 446, 451-52 (2000) ("[I]neffective assistance adequate to establish cause for

the procedural default of some <u>other</u> constitutional claim is <u>itself</u> an independent constitutional claim . . . the principles of comity and federalism that underlie our longstanding exhaustion doctrine . . . require <u>that</u> constitutional claim, like others, to be first raised in state court.") (emphasis in original).  Upon direct review by the Appellate Division, Petitioner did not claim that trial counsel rendered constitutionally ineffective assistance.  Accordingly, Petitioner did not exhaust that claim and has not established cause for her procedural default.  Therefore, this Court may not consider her second and fourth claims.

Because the Court denies Petitioner's second and fourth claims due to the existence of independent and adequate state grounds for the Appellate Division's decision, the Court declines to address the merits of those claims.

CONCLUSION

For the reasons stated above, Petitioner's objection to the Report and Recommendation is denied in its entirety.  The Court adopts the Report in all respects other than its consideration of the merits of Petitioner's second and fourth claims, as consideration of these claims is barred by Plaintiff's failure to exhaust.  The Clerk of Court is requested to enter judgment accordingly.  This order resolves docket entry no. 39.

Petitioner may not appeal this order unless "a circuit justice or judge issues a certificate of appealability."  28 U.S.C.S. § 2253(c)(1) (LexisNexis 2008).  A certificate will be granted "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.S. § 2253(c)(2) (LexisNexis 2008); see generally United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997) (discussing the standard for issuing a certificate of appealability).  The Court finds that Petitioner will not be able to sustain this burden.  The Court declines to issue a certificate of appealability.

SO ORDERED.

Dated: New York, New York
July 5, 2023

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

Copy mailed to:
Maria Rios
#11-G-0234
Bedford Hills Correctional Facility
247 Harris Rd PO Box 1000
Bedford Hills, NY 10507-2499